**Kim SEVIER, individually and on behalf of all others similarly situated, Heidi D. Knight, individually and on behalf of all others similarly situated and Eric M. Payne, Plaintiffs–Appellees,**

v.

**TIME WARNER, INC. and Time Warner Cable, Inc., Defendants–Appellants.**

No. 04–2651(L).

United States Court of Appeals, Second Circuit.

March 7, 2005.

Jay Cohen (Stacey A. Shortall, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Appellant.

Brian Murray, Murray, Frank & Sailer LLP, New York, N.Y. (Eric J. Belfi and Gregory B. Linkh, Murray, Frank & Sailer, LLP, New York, NY; Roy A. Katriel, The Katriel Law Firm, Washington, DC; Mark Reinhardt, Reinhardt, Wendorf & Blanchfield, St. Paul, MN, on the brief), for Appellee.

Present: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the case is **REMANDED** to the district court in order for the parties to pursue a classwide settlement.

Defendants-appellants Time Warner Inc. and Time Warner Cable Inc. initially appealed from the April 23, 2004 order of the United States District Court for the Southern District of New York (John E. Sprizzo, *Judge*) denying appellants' motion to compel arbitration. Familiarity with the facts and procedural background is assumed.

Shortly before oral argument, the parties tentatively agreed to a classwide settlement, for which they seek district court approval, pursuant to Fed.R.Civ.P. 23(e). Pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), we remand this case to the district court so that the parties may seek approval of a classwide settlement. After the district court has ruled on the Rule

23(e) settlement, either party may restore jurisdiction to this panel within 30 days of that order by letter to the Clerk's Office seeking review.

Accordingly, the case is **REMANDED.**